UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Raj Kumar Thakur,

                         Appellant,                      **MEMORANDUM & ORDER**
                                                                                        22-CV-02008 (DG)

      -against-

Radha Rani and Divya Thakur,

                         Appellees.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On December 18, 2017, *pro se* Appellant Raj Kumar Thakur filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").  *See* ECF No. 1-1 at 3; *see also* ECF No. 8 at 14-15.[1]  On February 24, 2022, Appellant commenced an adversary proceeding in the Bankruptcy Court against his ex-wife, Radha Rani, and his daughter, Divya Thakur – the *pro se* Appellees in the instant case.  *See* ECF No. 1-1 at 3; *see also* ECF No. 5 at 13.  The adversary proceeding, which relates to a judgment of divorce entered on June 15, 2018 by the New York State Supreme Court, Queens County, remains pending before the Bankruptcy Court.  *See generally* Adversary Proceeding Dkt., No. 22-01016; *see also* ECF No. 5 at 14.  That judgment of divorce addressed matters of, *inter alia*, child support, spousal support, and equitable distribution of property.  *See* ECF No. 4-1 at 16-21.

      Also on February 24, 2022, Appellant filed an application in the Bankruptcy Court for a temporary or preliminary restraining order "quashing/nullifying the Queens Supreme Court's

---

[1] Familiarity with the factual background and history of the relevant proceedings is assumed.

    For the parties' filings, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

orders/judgment dated May 21, 2018 (entered on June 15, 2018) regarding the child support, child education expenses, spousal maintenance arrears and spousal support; and further order(s) of the Appellate Division 2nd Department and the Court of Appeals based on the unlawful order/judgement of the Queens Supreme Court dated May 21, 2018." *See* ECF No. 1-1 at 3 (alteration accepted).  In his application, Appellant asserted that the Queens Supreme Court violated the automatic stay imposed by 11 U.S.C. § 362(a).  *See* ECF No. 1-1 at 3.  By Order dated March 25, 2022, styled "Order Denying Request for Temporary Restraining Order," the Bankruptcy Court denied Appellant's application.  *See* ECF No. 1-1 at 3-4.  The Bankruptcy Court concluded that Appellant was not entitled to injunctive relief because "the automatic stay imposed by § 362(a) does not apply to any determination with respect to the dissolution of marriage or the establishment or modification of domestic support obligations, and does not apply to the collection of a domestic support obligation from property that is not property of the estate" and "to the extent the New York State Supreme Court, Queens County issued a determination with respect to the equitable distribution in violation of the automatic stay imposed by 11 U.S.C. § 362(a), the Application has not established that [Appellant] is likely to suffer irreparable harm in the absence of preliminary relief."  *See* ECF No. 1-1 at 4.

Appellant seeks leave to file an interlocutory appeal from the Bankruptcy Court's March 25, 2022 Order.  *See generally* ECF Nos. 1, 2 (containing, *inter alia*, Appellant's Notice of Appeal, "Motion for Leave to Appeal Against the Order of the Temporary Restraining Order," and "Amended Motion for Leave to Appeal Against Temporary Restraining Order").[2]  Appellees have filed a brief in opposition.  *See* ECF No. 8.  For the reasons set forth below, Appellant is

---

[2] The Court has considered – and in light of Appellant's *pro se* status, has liberally construed – the various submissions Appellant has made in connection with his request for leave to appeal. *See generally* Dkt.

denied leave to file an interlocutory appeal from the March 25, 2022 Order of the Bankruptcy Court.

**I.     Legal Standard**

28 U.S.C. § 158(a) sets forth the appellate jurisdiction of district courts in bankruptcy cases.  28 U.S.C. § 158(a)(3) provides for appeals from interlocutory orders "with leave of the court."  *See* 28 U.S.C. § 158(a)(3); *see also In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) ("Under Section 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court.").  Because 28 U.S.C. § 158(a)(3) does not specify criteria for granting leave to appeal, courts in this Circuit have applied the standard set forth in 28 U.S.C. § 1292(b) ("Section 1292(b)") when determining whether to exercise discretion to grant leave under 28 U.S.C. § 158(a)(3).  *See In re Comair Ltd.*, No. 21-CV-10146, 2023 WL 171892, at *4 (S.D.N.Y. Jan. 12, 2023); *Platinum Partners Value Arbitrage Fund L.P. v. Goldberg*, No. 22-CV-06376, 2022 WL 4357548, at *2 (S.D.N.Y. Sept. 19, 2022); *Navient Sols., LLC v. Homaidan*, No. 22-CV-04398, 2022 WL 4079579, at *2 (E.D.N.Y. Sept. 6, 2022); *Golden v. Penn. Higher Educ. Assistance Agency*, No. 22-MC-01899, 2022 WL 3228261, at *4 (E.D.N.Y. Aug. 10, 2022).

Under Section 1292(b), leave to appeal an interlocutory order should be granted only when (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292(b); *see also United States ex rel. Quartararo v. Catholic Health Sys. of Long lsland Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021) (discussing the three requirements of Section 1292(b)); *In re Comair Ltd.*, 2023 WL 171892, at *4; *Platinum Partners Value Arbitrage Fund L.P.*, 2022 WL 4357548, at *2;

3

*Navient Sols., LLC*, 2022 WL 4079579, at *2. With respect to the first requirement, courts have indicated that a "controlling question of law" exists if reversal of the bankruptcy court's order could result in dismissal of the action, could significantly affect the conduct of the action, or if the issue on appeal has precedential value for a large number of cases. *See Platinum Partners Value Arbitrage Fund L.P.*, 2022 WL 4357548, at *2; *In re Lehman Bros. Holdings Inc.*, No. 18-CV-08986, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019); *see also Golden*, 2022 WL 3228261, at *4 (stating that a bankruptcy court's order involves a controlling question of law where reversal of the order would terminate the action or materially affect the outcome of the litigation (citing *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-CV-01278, 2021 WL 1209355, at *4 (E.D.N.Y. Mar. 30, 2021))). With respect to the second requirement, courts have indicated that there is a "substantial ground for difference of opinion" on a question of law where there is conflicting authority on the issue or the issue is particularly difficult and of first impression. *See Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018); *Golden*, 2022 WL 3228261, at *4; *Platinum Partners Value Arbitrage Fund L.P.*, 2022 WL 4357548, at *2. And courts have indicated that the third requirement – that an immediate appeal may materially advance the ultimate termination of the litigation – is satisfied where the appeal promises to advance the time for trial or to shorten the time required for trial. *See Osuji*, 285 F. Supp. 3d at 558; *Golden*, 2022 WL 3228261, at *4. The requirements of Section 1292(b) are "strictly applied as interlocutory appeals from bankruptcy courts' decisions are disfavored in the Second Circuit." *See In re Comair Ltd.*, 2023 WL 171892, at *4 (quotation marks omitted); *see also Golden*, 2022 WL 3228261, at *5.[3]

---

[3] Moreover, the United States Court of Appeals for the Second Circuit has noted that the denial of a temporary restraining order is "ordinarily not appealable." *See Romer v. Greenpoint Sav. Bank*, 27 F.3d 12, 15 (2d Cir. 1994).

4

The moving party has the burden of satisfying all three requirements.  *See Platinum Partners Value Arbitrage Fund L.P.*, 2022 WL 4357548, at *2; *Navient Sols., LLC*, 2022 WL 4079579, at *2; *In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at *3.  And even where the three requirements are satisfied, courts have the discretion to determine whether leave to appeal is warranted.  *See Platinum Partners Value Arbitrage Fund L.P.*, 2022 WL 4357548, at *3; *In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at *3 (noting that even where the requirements are satisfied, a district court retains unfettered discretion to deny leave to appeal, and noting that, as a general rule, interlocutory appeals are disfavored in the federal system).

## II.     Leave to File an Interlocutory Appeal is Not Warranted

Although Appellant raises a variety of arguments in support of his request for leave to file an interlocutory appeal, *see generally* ECF Nos. 5, 9, Appellant has not demonstrated – nor does the record otherwise reflect – that the Section 1292(b) requirements have been satisfied.  Specifically, Appellant has failed to demonstrate that the March 25, 2022 Order involves a "controlling question of law."  The record does not reflect that reversal of the March 25, 2022 Order could result in dismissal of, or significantly affect the conduct of, the action pending before the Bankruptcy Court, and the record also does not reflect that the issue on appeal – *i.e.*, whether the Bankruptcy Court properly denied Appellant's application – has precedential value for a large number of cases.  Appellant also has not demonstrated that there is a substantial ground for difference of opinion as to any question of law addressed in the March 25, 2022 Order.  He has not shown that there is conflicting authority on any issue or that any issue is particularly difficult and of first impression.  And Appellant has not demonstrated that an immediate appeal may materially advance the ultimate termination of the litigation before the Bankruptcy Court.  He has not shown that such an appeal promises to advance the time for trial

or to shorten the time required for trial. Accordingly, the Court declines to grant Appellant's request for leave to file an interlocutory appeal.

## **CONCLUSION**

For the reasons set forth above, Appellant is denied leave to file an interlocutory appeal from the March 25, 2022 Order of the Bankruptcy Court.

The Clerk of Court is directed to close this case and mail a copy of this Order and a copy of the docket sheet to each *pro se* Appellee at the address listed on the docket.

SO ORDERED.

*/s/ Diane Gujarati*  
DIANE GUJARATI  
United States District Judge

Dated: January 31, 2023  
      Brooklyn, New York